J-S05035-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| EDWARD RONALD FLETCHER, | : | |
| | : | |
| Appellant | : | No. 1200 WDA 2017 |

Appeal from the Judgment of Sentence June 14, 2017
in the Court of Common Pleas of Clearfield County
Criminal Division, at No(s): CP-17-CR-0000334-2017

BEFORE:    OLSON, OTT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED APRIL 10, 2018

Edward Ronald Fletcher (Appellant) appeals from his June 14, 2017 judgment of sentence imposed after he pled guilty to contraband – possession of a controlled substance by inmate. Appellant's counsel has filed a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

While Appellant was serving a 20-to-40 year sentence at SCI Houtzdale for a third-degree murder conviction, Appellant was found to be in possession of contraband, which consisted of 10 balloons filled with illegal substances, including marijuana, oxycodone, suboxone, and methadone hydrochloride. The Commonwealth charged Appellant with one count of contraband – possession of a controlled substance by an inmate, four counts

_____
*Retired Senior Judge assigned to the Superior Court.

of manufacture, delivery or possession with intent to manufacture/deliver a controlled substance, and four counts of possession of a controlled substance. Appellant entered into a guilty plea to one count of contraband – possession of a controlled substance by an inmate, a felony of the second degree. Pursuant to the plea agreement, Appellant and the Commonwealth agreed Appellant should receive a minimum of two and a maximum of four years of incarceration, which is a standard-range sentence. Appellant and the Commonwealth left the plea agreement open as to whether Appellant should serve the sentence concurrently or consecutively to the sentence he was currently serving for third degree murder.

On June 13, 2017, Appellant confirmed that his plea was voluntary and that he did not wish to withdraw it. That same day, the trial court sentenced Appellant in accordance with the plea agreement and ordered Appellant to serve his new sentence consecutively to his original sentence. Appellant timely filed a post-sentence motion, which was denied by order of July 18, 2017. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed both an Anders brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly

frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the Anders

procedure:

[I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and Anders brief, we conclude that counsel has complied substantially with the technical requirements set forth above.[1]  Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" Commonwealth v. Flowers, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting Santiago, 978 A.2d at 354 n. 5).

The issues arguably supporting an appeal cited by Appellant's counsel are (1) whether, at Appellant's sentencing hearing, the trial court made a satisfactory contemporaneous statement of reasons for the sentence being imposed, and (2) whether the trial court erred by imposing the sentence consecutively to all other periods of incarceration.  Anders Brief at 6.  Both issues involve a challenge to the trial court's discretion in sentencing. Commonwealth v. Cartrette, 83 A.3d 1030, 1041 (Pa. Super. 2013) (en banc); Commonwealth v. Prisk, 13 A.3d 526, 532 (Pa. Super. 2011).

In reviewing these questions, we bear in mind the following.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[1] Appellant has not filed a response to counsel's motion.

* * *

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Commonwealth v. Antidormi, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

>> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a timely notice of appeal. He has not set forth a Pa.R.A.P. 2119(f) statement, but in Anders situations this Court has not found review to be barred even in the absence of a 2119(f) statement. Commonwealth v. Zeigler, 112 A.3d 656, 661 (Pa. Super. 2015). Further, the Commonwealth has not objected to Appellant's failure to file a

separate, concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. Commonwealth v. Brougher, 978 A.2d 373, 375 (Pa. Super. 2009) (declining to find waiver when the Commonwealth did not object to appellant's failure to comply with Rule 2119(f)).

For the remainder of the analysis, we turn first to Appellant's contention that the trial court failed to explain adequately its reason for imposing a consecutive sentence at the time of sentencing. Appellant failed to preserve this issue by including it in his post-sentence motion or by objecting at the sentencing hearing.

Even if he had preserved it, this issue does not present a substantial question for our review. In every case in which the court imposes a sentence for a felony, the court must disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed. 42 Pa.C.S. § 9721(b). "Section 9721(b) requires only that the trial court state on the record its reasons for the imposition of sentence; it does not bear on the legal adequacy or correctness of the reasons stated." Commonwealth v. Coulverson, 34 A.3d 135, 143 (Pa. Super. 2011). "Consequently, any statement of reasons would appear to comply with the letter of Rule 9721(b), and cannot be deemed reviewable as of right." Id. (emphasis added).

Moreover, even if this issue presented a substantial question, Appellant's claim would fail on the merits. "[A] sentencing judge may satisfy requirement of disclosure on the record of his reasons for imposition of a particular sentence without providing a detailed, highly technical statement." Commonwealth v. Hunzer, 868 A.2d 498, 514 (Pa. Super. 2005). Here, although succinct, the trial court plainly indicated at the sentencing hearing that it was imposing the sentence consecutively to the sentence Appellant was currently serving because Appellant, an inmate, possessed multiple types of narcotics, not just marijuana. N.T., 6/13/2017, at 13-14. Thus, to the extent that Appellant impugns the adequacy of the statement, as opposed to the substance of the stated reasons, his claim has no merit.

We now turn to Appellant's second issue. Appellant preserved the issue of whether the court erred by imposing his sentence consecutively by including this issue in his post-sentence motion to reconsider his sentence. However, this issue fails to raise a substantial question for our review. "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." Commonwealth v. Swope, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted). Rather, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."

Commonwealth v. Lamonda, 52 A.3d 365, 372 (Pa. Super. 2012) (en banc) (citation omitted).

Here, Appellant was serving a 20-to-40 year sentence for third-degree murder. Appellant bargained for a standard-range sentence, leaving open the decision of whether the court should impose the sentence concurrently or consecutively to his sentence for murder. The court, in its discretion, elected to impose the two-to-four year sentence consecutively due to Appellant's decision to bring multiple narcotics into the prison to sell. Trial Court Opinion, 10/3/2017, at 2-4. In his post-sentence motion, Appellant asked the court to reconsider imposing the sentence consecutively because (1) other than an ungraded misdemeanor possession of a controlled substance charge from 2004, Appellant's only criminal record is the 20-to-40 year sentence he was already serving; (2) he would be 44 when he reaches the minimum sentence; and (3) he had been administratively sanctioned within the state correctional institution and had spent several months in the restricted housing unit due to his possession of the contraband. Motion to Reconsider Sentence, 6/14/2017, at ¶ 5. The trial court declined to reconsider the sentence. Because the trial court's decision to sentence consecutively did not raise the aggregate sentence to an excessive level in light of the criminal conduct at issue, based on controlling case law,

Appellant's claim does not present a substantial question warranting our review.[2]  Zirkle, 107 A.3d at 133-34.

Based upon the foregoing, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous.  Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[3]  Flowers, 113 A.3d at 1248.  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

---

[2] The writer of this Memorandum has previously inveighed against the virtually unfettered discretion given trial judges deciding whether to impose consecutive or concurrent sentences.  See Commonwealth v. Zirkle, 107 A.3d 127, 136 (Pa. Super. 2014) (Strassburger, J., concurring).  Nevertheless, the law is well settled that a substantial question must be presented in order for this Court to review the trial court's discretion, and, based on that law, Appellant does not present one here.  Moreover, even if this issue were to present a substantial question, we would have no trouble concluding that the decision to impose the sentence consecutively in this case was well within the trial court's discretion.  If it were not, prisoners would have little incentive to refrain from committing further crimes while in prison.

[3] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed."  Commonwealth v. Eisenberg, 98 A.3d 1268, 1275 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/10/2018